REBECCA OLEVSON *vs.* ZONING BOARD OF REVIEW OF THE TOWN OF NARRAGANSETT.

NOVEMBER 16, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J.   This is a petition for a writ of *certiorari* to review a decision of the town council of the town of Narragansett sitting as the zoning board of review of that town. The writ was issued and in accordance therewith the record of the board in the matter in question has been duly certified to this court.

Emilie B. Thompson is the owner of a lot of land with a large dwelling thereon situated on the easterly side of Caswell street in said town. Under the provisions of the zoning ordinance this lot is in a residential "A" district. The westerly side of Caswell street is zoned as a residential "B" district. Emilie B. Thompson desired to sell the property in question and Philip I. Duffy was willing to purchase it provided he could operate a rooming and boarding house on the premises. However, under the terms of the ordinance it is not permissible to conduct such a house in a residential "A" district.

Thereupon Mrs. Thompson filed a petition with the respondent board asking that her property be changed in respect to its zoning from a residential "A" to a residential "B" district. A hearing on that petition was duly advertised and at that hearing the petitioner in the instant cause, who is the owner of land adjoining the Thompson premises on the north, and another person, who is the owner of the property abutting on such premises on the south, appeared and objected to the proposed change of zone for the Thompson lot. Also, the Narragansett planning board filed with the respondent a request that such change be not granted. On the other hand, Duffy informed the respondent by letter that if the Thompson petition was granted he proposed to purchase her property and that he had no intention of conducting a public restaurant therein then or at any future time.

Thereupon the respondent board, after making certain findings, among which were those that the petitioner Mrs. Thompson and Duffy were willing that the petition be construed as one for a variation and exception to the then zoning of the property involved; that the character of the neighborhood had changed somewhat since it was zoned "A"; and that directly across the street the property is zoned "B", disposed of the petition as follows:

"Therefore, under the circumstances, it is the decision of said Town Council sitting as a Board of Review that it is not at the present time proper to zone this real estate in question from 'A' to 'B', because of objections made, but that it is proper to grant the petition as a petition for variations and exceptions (as developed at the hearing) because of the fact that said Town Council can grant the relief to said Duffy under proper safeguards on the merits of his particular representations as set forth in a letter from him attached hereto and made a part hereof and in accordance with his verbal statements that he would be satisfied with such safeguards and limitations, and that his reputation for conducting such business in the past has been very good.

"Wherefore it is hereby Ordered that a variation and exception be and the same is hereby granted applicable to said Philip I. Duffy, the prospective vendee of said real estate in question, applicable to said real estate in question for him to operate a boarding and rooming house as set forth in his said letter at said premises on the real estate in question as long as he himself shall be the owner of said real estate and shall himself operate the same as a boarding and rooming house, which such variation and exception shall not run with said real estate in question and shall not pass to his heirs, devisees, lessees or assigns."

In the town of Narragansett zoning is governed by a special enabling act, namely, public laws 1928, chapter 1277. Section 8 of that act reads as follows: "The said town council shall in appropriate cases and subject to appropriate conditions and safeguards, make special exceptions to the

terms of any ordinance, enacted under the authority of this act, in harmony with its general purpose and intent and in accordance with general or specific rules therein contained, or where such exception is reasonably necessary for the convenience or welfare of the public."

It is apparently agreed by the parties that sec. 13 of the zoning ordinance of the town of Narragansett, which was enacted under the authority of chap. 1277, *supra*, relates to the matter of variances by the board of review and gives that board power to grant, in certain instances, such variances and exceptions subject to appropriate conditions and safeguards when in its judgment the public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured.

It is, of course, well established that the decision of a zoning board of review on a petition for an exception or a variation in the application of a zoning ordinance, when that petition is addressed to the board's discretion, will not be set aside unless it clearly appears that the board acted arbitrarily and abused its discretion. *Morgan* v. *Zoning Board of Review,* 52 R. I. 338; *Potter* v. *Zoning Board,* 65 R. I. 286; *Buckminster* v. *Zoning Board of Review,* 69 R. I. 396.

However, in our judgment, the real issue raised in the instant cause cannot be determined by the application of the above rule alone. Here the respondent rested its decision in granting the variation or exception in question upon an express condition. This condition provides, in substance and effect, that the variation or exception shall apply only to Duffy personally and shall not run with the real estate or pass to his heirs, devisees, lessees or assigns.

This court has recognized and approved the imposition of certain conditions and safeguards as being proper under the facts and circumstances of the case then before it. *Morris* v. *Zoning Board of Review,* 52 R. I. 26; *Buckminster* v. *Zoning Board of Review, supra.* In the first of these cases the court, at page 30, used the following language: "In the opin-

ion of a majority of the court, the qualified permission given under the circumstances for a variation of the provisions of the zoning law not being beyond the power of the Zoning Board of Review is sustained by evidence sufficient to warrant the granting of the same." Also, in *Robinson* v. *Town Council of Narragansett,* 60 R. I. 422, this court had occasion to consider chap. 1277, *supra,* and the zoning ordinance of Narragansett now before us, and held that appropriate conditions and safeguards in respect to a request for an exception must be reasonable and not arbitrary, unnecessary or oppressive.

We are therefore called upon to examine the condition provided for by the respondent when it granted the petition herein as one for a variance or exception, in order to determine whether or not, under all the circumstances, the condition is proper and enforceable. It seems clear, speaking generally, that under the terms of the statute and of the ordinance applicable in this cause the respondent zoning board of review is given a broad discretion in fixing conditions and safeguards when variances or exceptions are permitted: That discretion, however, is not unlimited. We have already held that any such condition and safeguard must be reasonable. Furthermore, in the statute and ordinance the word "appropriate" is used to describe the kind of condition and safeguard which the board is authorized to impose before the variance or exception in question is allowed, that is . to say, a condition and safeguard which, under all the circumstances of any given case, is fit, suitable and proper. In this connection the reason for the creation of a zoning board of review and the nature of the issues it is required to pass upon become of importance. Such a board is concerned fundamentally only with matters relating to the real estate itself then under consideration and with the use to be made thereof, but not with the person who owns or occupies it.

In the instant cause the condition imposed by the respondent board is unusual and peculiar. According to the statement set out in its decision, the board is apparently

attempting primarily to grant relief to Duffy, who is merely the prospective vendee of the petitioner Thompson's property. The variation or exception as granted is made applicable to Duffy as such vendee, and the condition attached to such grant is plainly personal to Duffy himself, instead of being attached to the use of the Thompson property as such. It appears that the decision of the board, rather than providing for a condition relating to that real estate in connection with the type of zoning to be applied thereto, is an attempt to grant Duffy himself a license to operate a boarding and rooming house in the Thompson property as long as he so desires, but that such license is to be entirely personal to him and is to terminate when he ceases to so occupy such property.

In our opinion it does not come within the proper functions of the respondent board to grant the variation or exception in question solely on the basis of the above condition because it amounts really to a mere license or privilege to an individual and does not relate in its proper sense to the use of the property and the zoning thereof. We find, therefore, that the condition imposed by the respondent board is, under all the circumstances and by reason of its nature, beyond the power of the board to impose in connection with the granting of the variation or exception.

In *Soho Park & Land Co.* v. *Board of Adjustment,* 6. N. J. Misc. 686, the court held that several conditions which were imposed by the zoning board in connection with the granting of a variance from the zoning law were unreasonable and should be exscinded. One of such conditions was, in substance, that the building specified in the application for the variance, and any subsequent buildings to be erected on the land in question, should be occupied only by a certain corporation and be used solely as a wire factory. While in the above case the court allowed the variation to stand and merely eliminated the conditions, we can not do so here because the only condition relates to Duffy personally and not to the use of the land.

In view of the fact that the condition in the instant cause is the chief element and substantial basis of the decision, it is our opinion that the entire decision of the respondent board should be reversed, and it is so ordered.

*Maurice W. Hendel,* for petitioner.

*James O. Watts,* for respondent.