540 P.2d 212

**Justine SERNA, Ann E. Dietz, Robert A. Koeber and Mela S. Koeber, Julia Tappan, Anne Raymond, Charlie O. Harrison and Corrine Harrison, Harley L. Frietze and Holly R. Frietze, Ralph Chapman and Lloyd L. Goff, Petitioners-Appellees,**

v.

**BOARD OF COUNTY COMMISSIONERS OF BERNALILLO COUNTY, Respondent-Appellant,**

and

**Duncan A. McLeod, Intervenor-Appellant.**

**No. 10202.**

Supreme Court of New Mexico.

Sept. 5, 1975.

Rehearing Denied Sept. 18, 1975.

Bruce C. Redd, Albuquerque, for respondent.

Adams & Foley, Quincy D. Adams, Albuquerque, for intervenor.

Melvin L. Robins, Albuquerque, for appellees.

OPINION

OMAN, Justice.

This is a suit brought in the district court to review the decision of the zoning authority (Board of County Commissioners) pursuant to the provisions of § 14-20-7, N.M.S.A.1953 (Repl.Vol. 3, 1968). The Board, sitting as the zoning authority, changed the classification of a tract of land from A–1 (agricultural) to M–1 (light industrial). The Petitioners, as persons aggrieved by this decision of the Board, sought a writ of certiorari from the district court for the purpose of having the decision reviewed by the court in accord-

ance with its authority under § 14–20–7, supra.

The writ was granted and the decision reviewed. Whereupon, a judgment was entered commanding the Board to set aside its decision by which the zoning was changed from A–1 to M–1. The Board and the Intervenor, the owner of the tract in question, have appealed. We reverse.

The Board and Intervenor rely upon two separately stated points for reversal. The Petitioners also have sought review of claimed error by the district court pursuant to Rule 3(b) of the Rules of Appellate Procedure for Civil Cases and Rules Governing Original Proceedings in the Supreme Court [§ 21–12–3(b), N.M.S.A.1953 (Int.Supp.1974)]. They claim error was committed by the district court against them which would justify an affirmance of the judgment in their favor, notwithstanding any errors committed by the court against the Board and Intervenor. We decide only the first contention of the Board and Intervenor that the district court lacked authority to review the decision of the Board because of the untimely filing of the petition for writ of certiorari.

Section 14–20–7, supra, provides in pertinent part:

"*14–20–7. Zoning—Petition for court review—Time limit—Certiorari—Restraining order—Return—Hearing—Reference—Costs—Precedence.*—A. Any person aggrieved by a decision of the zoning authority * * * may present to the district court a petition * * *. The petition shall be presented to the court within thirty [30] days after the decision is entered in the records of the clerk of the zoning authority.

"* * *.

"C. In answering said writ [writ of certiorari issued pursuant to the petition] it shall not be necessary to return the original papers acted upon, but it shall be sufficient to return certified or sworn copies thereof * * *."

The answer, or return, to the writ included a copy of "County Commission Ordinance No. 254" by which the zoning change was effected. This ordinance was signed by all members of the Board and attested to by the county clerk. It reflects an apparent record of filing on April 16, 1974, and recites: "PASSED, ADOPTED, APPROVED AND SIGNED THIS 16th DAY OF April, 1974."

No attack has been made upon the correctness of this copy of the ordinance or upon the form and contents of the return to the writ. No claim is made that the return fails in any way to comply with the requirements of § 14–20–7, supra. This ordinance is obviously the decision, or the formal record of the decision, of the Board by which Petitioners complain they were aggrieved and from which they sought relief. They expressly recited in their petition:

"Pursuant to Section 14–20–7[B] NMSA 1953, the petitioners respectfully request that the court issue a writ of certiorari directed to the Board of County Commissioners of Bernalillo County to review its decision rendered on April 16, 1974, which changed the zoning from A–1 to M–1 of the following tract of land; [tract in question then described]."

Petitioners did not file their petition for writ of a certiorari until June 4, 1974, which was nineteen days too late. They seek to avoid this late filing by showing that the minutes of the meeting of the Board held on April 16 were not finally approved until May 21. These minutes show twenty-nine separate actions by the Board at the April 16 meeting, only three of which were decisions on zoning questions. The minutes are only a record of the actions taken.

Petitioners also rely upon the fact that a copy of Ordinance No. 254 does not appear in the "ordinance book" kept in the office of the county clerk. The evidence is that the original of the ordinance is filed and kept in the office of the county manager and a copy is sent to the office of the county clerk for filing in the "ordinance book."

In view of the fact that Petitioners sought review of the decision of April 16,

which is evidenced by the copy of the ordinance filed with the return to the writ, the fact that no attack has in any way been made upon the return, and the fact that no showing has been made that the county clerk is the clerk of the Board when serving as the zoning authority, we are unwilling to say that the failure to approve until May 21 the minutes of the meeting of April 16 in any way prevented the decision from becoming final. We are also unwilling to hold that the time within which the petition for writ of certiorari could properly be filed was extended, because a copy of the ordinance failed to find its way into the "ordinance book" in the office of the county clerk. The record clearly shows that the absence of a copy of Ordinance No. 254 from the "ordinance book" came to light on July 19, 1974, at the time of the review by the district court.

In ruling upon the failure to timely file a petition in this court for a writ of certiorari to review a decision of the Court of Appeals, we stated:

> "The twenty-day filing requirement for a writ of certiorari is procedurally similar to the thirty-day filing requirement for appeals found in Rule 5(1), Supreme Court Rules [§ 21–2–1(5)(1)], N.M.S.A.1953 Comp. (Repl. Vol. 4, 1970). In *Associates Discount Corporation v. De Villiers,* 74 N.M. 528, 395 P.2d 453 (1964), this Court in construing Rule 5(1), supra, stated:

>> " 'It requires no citation of authority to state our oft-repeated holding that the timely allowance of an appeal is jurisdictional in order to place a case on the docket of the supreme court for review * * *'

> "It is clear that the same requirement should be applied to the filing of petitions for writs of certiorari directed to the Court of Appeals. When such a [petition] is filed later than the twenty-day filing requirement, and absent some unusual circumstance justifying such late filing, the petition for writ of certiorari must be denied."

*Gulf Oil Corporation v. Rota-Cone Field Operating Company,* 85 N.M. 636, 515 P.2d 640 (1973).

There is no reason to hold that the rule announced in the Gulf Oil case should not be applicable to the petition for certiorari in the present case.

The district court found that the final action by the Board on the zoning application was not taken until May 21, and, apparently, that this was the date of the Board's decision. As above stated, we are of the opinion that the decision of the Board was made on April 16. Consequently, we are compelled to disagree with the district court's conclusion that the petition for writ of certiorari was timely filed.

The judgment of the district court should be reversed and the writ quashed as having been improvidently granted.

It is so ordered.

McMANUS, C. J., and MONTOYA, J., concur.