548 P.2d 1210

Meb BOLIN et al., Petitioners-Appellants,

v.

The CITY OF PORTALES, New Mexico, a Municipal Corporation, et al., Respondents-Appellees.

No. 10279.

Supreme Court of New Mexico.

April 28, 1976.

Quinn & Quinn, Harry L. Patton, Clovis, for petitioners-appellants.

J. Fred Boone, Portales, for respondents-appellees.

OPINION

MONTOYA, Justice.

On January 16, 1973, the City Council of Portales determined to give notice of hearing on its proposal to replace the city's 1949 zoning ordinance with a new comprehensive zoning ordinance. Notice was given on January 31, 1973, in the local newspaper. The notice included a summary of the proposed ordinance and a copy of the proposed zoning map. The property in question here, the south half of Block 24 of the Leach Addition to the City of Portales, part of a Dwelling District under the

1949 ordinance, was shown on the zoning map as part of an area proposed to be rezoned to R-2 (multi-family residential) under the new ordinance. As advertised, the proposed ordinance was considered at a meeting of the city council on February 20, 1973. In order to allow changes to be made in the proposal, the vote on the ordinance was postponed twice, and the ordinance was finally adopted on April 3, 1973, as Ordinance No. 387. A month later, on May 3, 1973, the newly adopted ordinance was published in its entirety in the local newspaper. The zoning map incorporated therein showed that the south half of Block 24 had been rezoned C-1 (neighborhood commercial) rather than R-2.

The rezoning of the south half of Block 24 to C-1 came to the attention of the petitioners, who are adjacent property owners, in November 1973 when the owner of the block sought to have the north half of the block rezoned from R-2 to C-1. As a result of the petitioners' objections to the city council, the owner of the block requested that something be done to assure the validity of the new comprehensive zoning ordinance. Consequently, the council decided on January 2, 1974 to readvertise Ordinance 387 for hearing and readoption. Two amendments to Ordinance 387 had been enacted by that time, so they were included in the readoption procedure. These minor amendments are of no consequence to the issues before us and we will consider the readoption of Ordinance 387 only. Notice was duly published in the local newspaper on February 4, 1974, including a copy of the zoning map as adopted on April 3, 1973. On February 19, 1974, the hearing was held, and Ordinance 387 was readopted by a vote of 5 to 3, over the protests of the owners of property within 100 feet of the south half of Block 24 (exclusive of rights of way). On March 18, 1974, the petitioners filed in the District Court of Roosevelt County their petition for a writ of certiorari to review the zoning decision, pursuant to § 14-20-7, N.M. S.A., 1953 (Repl.Vol. 3, 1968). After a

hearing, the district court dismissed the petition with prejudice, and the petitioners have appealed that decision to this court.

The petitioners contend on appeal that (1) the original adoption of Ordinance 387 was invalid because the notice given by the city council was inadequate as to the south half of Block 24; and (2) the readoption of the ordinance was invalid because it was passed by less than a three-fourths majority of the city council, allegedly contrary to § 14-20-4(C), N.M.S.A., 1953 (Repl.Vol. 3, 1968), which reads as follows:

"If the owners of twenty per cent [20%] or more of the area of the lots and land included in the area proposed to be changed by a zoning regulation or within one hundred [100] feet, excluding public right of way, of the area proposed to be changed by a zoning regulation, protest in writing the proposed change in the zoning regulation, the proposed change in zoning shall not become effective unless the change is approved by a three-fourths [3/4] vote of all the members of the governing body of the municipality * * *."

The respondent city argues the contrary and further contends that the petitioners cannot challenge the original adoption of the ordinance because their petition was not filed in the district court "within thirty [30] days after the decision [was] entered in the records of the clerk of the zoning authority" pursuant to § 14-20-7(A), supra. We find this last contention as made by the city dispositive and, therefore, do not have to reach the merits of petitioners' claims.

We recently held in the case of *Serna v. Board of Cty. Com'rs of Bernalillo County,* 88 N.M. 282, 540 P.2d 212 (1975), that failure to file the petition for writ of certiorari in the district court within the prescribed 30-day period deprives the district court of jurisdiction to review a zoning decision. Here, more than 11 months elapsed between the decision of the city council on

April 3, 1973, and the filing of the petition on March 18, 1974. Although the district court made no specific finding, the petitioners admit that the Portales City Clerk is the "clerk of the zoning authority" and that the decision was filed with the clerk on April 3, 1973. Thus, the attack by writ of certiorari on the original adoption of the ordinance must fail. This is fatal to petitioners' case because, in order to prevail, they must show that both adoptions of the ordinance were invalid. That is, since the validity of the first adoption cannot be questioned, the validity of the second is immaterial. If the second is valid, it is exactly the same as the earlier ordinance and, therefore, makes no change in it. If it is invalid, the original adoption still stands.

The petitioners contend, however, that inadequate notice is a denial of due process and, therefore, the 30-day limitation should not apply. First, they argue that the 30-day period should not have begun to run until they learned of the decision. This argument is not a valid one. The record shows they learned of the change to C-1 in November 1973, yet they did not seek review by certiorari in the district court until March 18, 1974, about four months later.

They also point out that the original ordinance was not even published until 30 days after the filing with the clerk of the zoning authority, so that even then they were precluded from seeking judicial review of the decision. Nevertheless, we cannot agree that there is an exception to the 30-day limit of § 14–20–7(A), supra. The petitioners chose to seek judicial review by way of certiorari as provided for in § 14–20–7, supra. Having chosen that remedy, they must conform to the requirements set by the legislature for utilizing it.

The lower court concluded that petitioners failed to timely seek review in the manner provided by law and dismissed their petition. We conclude that the action of the district court was proper. *Serna v.*

*Board of Cty. Com'rs of Bernalillo County,* supra.

The judgment of the district court is affirmed.

IT IS SO ORDERED.

OMAN, C. J., and STEPHENSON, J., concur.