620 P.2d 1267

Dan L. BUTCHER et al.,
Petitioners–Appellants,

v.

CITY OF ALBUQUERQUE and Menaul
School, a nonprofit corporation,
Respondents–Appellees.

No. 13040.

Supreme Court of New Mexico.

Dec. 1, 1980.
Rehearing Denied Jan. 2, 1981.

Freedman, Boyd & Daniels, K. Lee Peifer, Albuquerque, for petitioners–appellants.

Pat Bryan, III, City Atty., Susan Green, Asst. City Atty., Albuquerque, for City of Albuquerque.

Roy F. Miller, Jr., Albuquerque, for Menaul School.

OPINION

PAYNE, Justice.

The petitioners sought review of a zoning action by the Environmental Planning Commission and the City Council of Albuquerque approving a site development plan. The plan was approved April 30, 1979. They filed a petition for certiorari with the district court on May 11, 1979. This petition, which alleged illegality and arbitrary and capricious conduct in the zoning action, was originally granted by the district court and then quashed. This appeal is brought to review the district court's actions in quashing the writ of certiorari.

The petitioners raise three errors of the trial court in this appeal. They are: (1) that the district court erred in ruling that the petitioners failed to present the petition for writ of certiorari within the required thirty days; (2) that the court erred in finding that the petitioners are barred by reason of the doctrine of laches, and (3) the petitioners claim that they were denied due process by the district court in the proceedings below.

I.

The primary issue is whether the petitioners properly presented their petition for certiorari to the district court within the time limits established by the applicable statute, Section 3–21–9, N.M.S.A. 1978. The key question is what definition will be given to the statute's phrase, "may present ... a petition." The applicable portion of the statute reads as follows:

A. Any person aggrieved by a decision of the zoning authority, or any officer, department, board or bureau of the zoning authority may present to the district court a petition, duly verified, setting forth that the decision is illegal, in whole or in part, and specifying the grounds of the illegality. The petition shall be presented to the court within thirty days after the decision is entered in the records of the clerk of the zoning authority.

The petition was filed in the district court within thirty days. The respondents, however, contend that more than filing with the clerk of the court is required. They urge us to read into the term "present" not only a filing requirement, but also a requirement that the petition must be personally presented to a district judge within the thirty day period.

We have repeatedly held that the petition must be filed with the clerk of the court within the thirty day period. *See Bolin v. City of Portales*, 89 N.M. 192, 548 P.2d 1210 (1976); *Serna v. Board of Cty. Com'rs of Bernalillo County*, 88 N.M. 282, 540 P.2d 212 (1975); *Cf. Gulf Oil Corporation v. Rota–Cone Field Operating Company*, 85 N.M. 636, 515 P.2d 640 (1973). We have never indicated that any additional requirement would be necessary to comply with the presentment requirement in the statute. *But see Ballman v. Duffecy*, 230 Ind. 220, 102 N.E.2d 646 (1952), which held to the contrary.

To hold, as did *Ballman*, that personal presentment is required in addition to filing would run counter to our rules of statutory construction, as announced in *Burroughs v. Board of Cty. Com'rs, Cty. of Bernalillo*, 88 N.M. 303, 306, 540 P.2d 233, 236 (1975). These rules are:

> [T]o interpret the statute or ordinance to mean what the legislature intended it to mean, and to accomplish the ends sought to be accomplished by it.
>
> Another rule of construction is that the entire act or ordinance is to be read as a whole and each part construed in connection with every other part so as to produce a harmonious whole. Still another [rule] is that the court will not read into a statute or ordinance language which is not there, particularly if it makes sense as written. (Citations omitted.)

The statute clearly intends to give the petitioner thirty days to "present" his petition to the court. To define the phrase in question, as suggested by the respondents, would be inconsistent with the legislative grant of thirty days in which to file the petition. For example, if the petitioners took twenty–nine or thirty days to decide whether to file the petition, as the statute allows, their ability to obtain jurisdiction for their petition would be subject to the uncertain availability of a trial judge. If on the twenty–ninth or thirtieth day a judge was unavailable due to court commitments in another county, illness, vacation, or any other reason, the petition would have to be dismissed for failure to have been presented to the judge within thirty days. It is inconsistent with legislative intent or good reason to make a party's right to petition a court dependent upon the availability of a judge on the final day of the statutory period.

To decide that the phrase requires personal presentment to the judge is also contrary to our rules of construction since to so hold we would have to read nonexistent language into a statute that makes sense as written. *Burroughs, supra.* For example, if we were to expand the meaning as argued by respondents, we would then need to decide whether presentment to the judge can be oral or written, formal or informal, to only the assigned judge hearing the matter or to any district judge. By holding that the term requires only filing with the court we do not expand the meaning or intent of the statute and raise such issues.

For the foregoing reasons we hold that the term "present" as used in Section 3–21–9 requires only filing with the clerk of the court. In the normal case personal presentment to the trial judge should follow soon after the filing with the clerk. We feel that personal presentment to the trial judge should be within a reasonable time, but cannot read such requirement into the statute. Such an additional requirement would again be contrary to our rules of construction as announced in *Burroughs*. Any unreasonable delay in personal presentment to the judge, while not actionable under Section 3–21–9, can be dealt with adequately under the existing rules of

civil procedure and the equitable doctrine of laches.

## II.

The second allegation of error raised by the petitioners on appeal is that the trial court erred in finding their petition barred by the doctrine of laches. The court based its finding on the fact that nine months had elapsed from the time of filing to the time of personal presentment to the trial judge. The petitioners contend that all the necessary elements of the doctrine of laches were not present. We also agree with this analysis.

■■■ The doctrine of laches is not favored in this State and is applied only in cases where the party is guilty of inexcusable neglect in enforcing its rights. *See Cain v. Cain*, 91 N.M. 423, 575 P.2d 607 (1978); *Cave v. Cave*, 81 N.M. 797, 474 P.2d 480 (1970). The necessary elements of laches are: (1) the defendant's invasion of plaintiff's rights; (2) a delay in asserting plaintiff's rights, after having had notice and an opportunity to institute a suit; (3) lack of knowledge in the defendant that the plaintiff would assert his rights, and (4) injury or prejudice to the defendant in event relief is accorded to the plaintiff or suit is not held to be barred. *Baker v. Benedict*, 92 N.M. 283, 587 P.2d 430 (1978); *Cave v. Cave, supra.*

■■■ Generally the defense of laches is used when there has been a delay in filing a suit. *See e. g., Apodaca v. Tome Land & Imp. Co. (NSL)*, 91 N.M. 591, 577 P.2d 1237 (1978). However, where the delay is in the prosecution and not the filing of the suit, the application of the doctrine of laches is not foreclosed. *Johnston v. Standard Mining Co.*, 148 U.S. 360, 13 S.Ct. 585, 37 L.Ed. 480 (1893). The application of the doctrine is proper in this case if all the elements are met. The first element, as enumerated above, is satisfactorily met. The second element, that of delay in the assertion of the plaintiff's rights, is also met. There is sufficient evidence to support the trial court's finding that the nine month delay between the filing of the petition and the issuance of the writ was unreasonable. But as stated in *Patterson v. Hewitt*, 11 N.M. 1, 66 P. 552 (1901), quoted with approval in *Roberson v. Board of Education of City of Santa Fe*, 78 N.M. 297, 302, 430 P.2d 868, 873 (1967):

> The reported cases show that, while the lapse of time is one of the elements to be considered in applying laches to stale claims, it is only one, and that it is not ordinarily the controlling or most important one to be considered by the court in applying laches as a defense in equity.

The third and fourth elements of the defense of laches were not met. The respondents knew that the petitioners had filed a petition for certiorari. They had no reason to believe or suspect that the petitioners had or intended to abandon their rights. Finally, there is not sufficient evidence in the record to show that the respondents were in any way prejudiced by the delay. It is not enough to show merely an unreasonable delay "to establish the defense [of laches], the evidence must show both that the delay was unreasonable and that it prejudiced the defendant." (Citations omitted.) *C & H Const. & Paving Co. v. Citizens Bank*, 93 N.M. 150, 163, 597 P.2d 1190, 1203 (Ct.App.1979). The respondents suggest that they are prejudiced because they cannot use their land in accordance with the decision of the city council and zoning commission. But this claim is unsubstantiated by any reference to the record. Also, the development of the respondents' land has been enjoined in a separate action. Therefore, we do not feel that respondents have been sufficiently prejudiced to make applicable the doctrine of laches.

We reverse the decision of the district court and reinstate the petitioners' petition. Other issues raised are moot.

IT IS SO ORDERED.

EASLEY, FEDERICI and FELTER, JJ., concur.

SOSA, C. J., dissents.