Justice Goldberg,
concurring in part and dissenting in part.
I concur with the majority’s holding that the finding by the Superior Court justice affirming the fourth condition imposed by the Hopkinton Zoning Board of Review (the zoning board or the board) is erroneous and flies in the face of the fundamental purpose of a zoning board — oversight of “matters relating to the real estate itself then under consideration and with the use to be made thereof, but not with the person who owns or occupies it.” Olevson v. Zoning Board of Review of Narragansett, 71 R.I. 303, 307, 44 A.2d 720, 722 (1945); see also Guiberson v. Roman Catholic Bishop of Providence, 112 R.I. 252, 260, 308 A.2d 503, 507-08 (1973); Guenther v. Zoning Board of Review of Warwick, 85 R.I. 37, 41-42, 125 A.2d 214, 217 (1956); Mastrati v. Strauss, 75 R.I. 417, 419-20, 67 A.2d 29, 30-31 (1949); Strauss v. Zoning Board of Review of Warwick, 72 R.I. 107, 111, 48 A.2d 349, 352 (1946).[8] By its nature, a zoning board’s imposition of conditions is limited to those that regulate land uses, irrespective of the landowner and his or her particularized use of the property — in this case the keeping of four alpacas on the property. See Olevson, 71 R.I. at 307-08, 44 A.2d at 722 (declining to sustain a condition imposed by the zoning board because the condition related to the landowner personally and not to the use of the *470 land). Accordingly, I agree with the majority's rejection of the fourth condition; the imposition of which was a vast departure from the narrowly tailored authority of the zoning board when hearing an appeal from a decision of the zoning officer.
However, I part company with the majority based on its failure to address what I consider to be the central errors in the Superior Court decision — the Superior Court justice’s conclusion that the keeping of alpacas is a permitted accessory use in an R-l District, and the Superior Court justice’s failure to address the board’s finding that its decision applies only to the Sposato’s alpacas and “does not consider all alpacas as domestic animalfs,] but only the ones in this particular case based on the evidence presented.” By limiting its holding to condition number four, as set forth in the zoning board’s approval, the majority leaves open the real possibility that the zoning board may, in the future, reissue its decision without the offending condition. Thus, this issue is not settled, and the Court’s holding does not serve the parties, who may again be required, at great time and expense, to return to the zoning board and the Superior Court to relitigate the issues that were left unresolved in this case.
It is abundantly clear that the zoning board did not find that the keeping of four alpacas was a proper accessory use in an R-l zone. Because the zoning board made no such finding, the decision of the Superi- or Court justice is clearly wrong. See Murphy v. Zoning Board of Review of South Kingstown, 959 A.2d 535, 540 (R.I. 2008) (stating that this Court will reverse a decision of the' Superior Court when “it can be shown that the justice misapplied the law, misconceived or overlooked material evidence, or made findings that were clearly wrong” (quoting OK Properties v. Zoning Board of Review of Warwick, 601 A.2d 953, 955 (R.I. 1992))). Although the zoning board “did not specifically find that owning a pet is an accessory use,” the Superior Court justice nonetheless concluded that the board’s decision stemmed from the accessory-use clause. This error was further complicated, by the Superior Court justice’s conclusion that these particular alpacas, and not the universe of alpacas, fell within the accessory-use definition of the zoning ordinance. It is my opinion that the Superior Court justice compounded the egregious and indeed fatal error committed by the zoning board in issuing an alpaca-specific decision when he declared, in essence, that these alpacas are pets based on the subjective belief of their owner and the manner with which the animals are cared for by this particular family.
Turning to the findings of the zoning board, in approving motion 13, a majority of the board voted as follows:
“To overturn the [zjoning [ojfficial’s decision based on the testimony that was put before us that demonstrates that in this particular case that the Sposato’s alpacafs] are being housed and kept as domestic animals and treated as such. This [mjotion does not consider all alpaca[s] as domestic animal[s,] but only the ones in this particular case based on the evidence presented.” (Emphasis added.)
This constitutes error as a matter of law. Any motion that rests on the particular animals that are the subject of the hearing — as opposed to the species of animal — cannot form the basis for a proper zoning decision. The decision failed to address whether all alpacas are permitted in an R-l zone in the Town of Hopkinton (the Town), which was the core function of the board in approving or vacating the decision of the zoning official. Although one can shower an alpaca in love and affection, it is nonetheless an alpaca, a member of the *471 South American eamelid species. A permitted use, by its very nature, cannot vary based on particularized circumstances. By limiting its decision to the fourth condition set forth in the approval, the majority fails to address the more egregious error in this case and the glaring fact that the board failed to reach the seminal issue before it: Are alpacas domestic animals permitted in an R-l zone?
I also note that the law is clear that not all flawed or illegal conditions imposed on a grant of approval by a zoning board necessarily mandate that the entire decision be vacated on remand. In the closely related context of variances and special-use exceptions, it is generally recognized that “illegal or unreasonable * * * conditions may be held void and set aside * * * where the condition held invalid is not deemed to be an essential or integral part of the zoning authority’s decision.” 3 Arden H. Rathkopf, The Law of Zoning and Planning, § 60.38 (2005) (emphasis added); see also Matter of Martin v. Brookhaven Zoning Board of Appeals, 34 A.D.3d 811, 825 N.Y.S.2d 244, 246 (2006) (mem.) (“[I]f a zoning board imposes unreasonable or improper conditions, those conditions may be annulled although the variance is upheld.” (quoting Matter of Baker v. Brownlie, 270 A.D.2d 484, 705 N.Y.S.2d 611, 614 (2000) (mem.))); 8 Patrick J. Rohan, Zoning and Land Use Controls, § 40.03[3] (2015) (“Illegal conditions * * * are sometimes viewed as standing apart from the variance itself so that the variance may stand free from the attempted condition. Such a result is correct if the variance would have been granted despite the condition.”). This is problematic in the case at bar. The majority’s decision mandates that the Superior Court remand this case to the board. What happens next?
. Furthermore, in its findings, the board focused on the present use of the land— the keeping of these particular alpacas by this landowner, that is, the alpacas “in this particular case” are permitted, but no other alpacas. Condition four in the approval vote, on the other hand, relates to future uses of the property and declares that “[t]he right to keep alpaca does not run with the land.” The board, in my opinion, inappropriately addressed future circumstances that may or may not come to pass and failed to decide the central question: Is the keeping of alpacas in an R-l zone a violation of the Town’s ordinances? I therefore am satisfied that condition four of the board’s decision is neither essential nor integral to the overarching question of whether or not alpaca are domestic animals and, thus, a permitted use.
Finally, it should be noted that, because of the procedural posture of this case, the majority’s reliance on Olevson is misplaced. See Olevson, 71 R.I. at 308, 44 A.2d at 722 (vacating a special exception granted by the zoning board because the offending condition placed on the grant was the “chief element and substantial basis” of the decision).
This case is before the Court on appeal from a determination of the Hopkinton Zoning Official, declaring that the housing of alpacas is not a lawful use of property in an R-l zone. The majority’s decision, therefore, serves to reinstate the zoning official’s conclusion that alpacas are not permitted on the Sposato’s property. Because the animals must now be relocated and the respondent landowner may seek another determination by the zoning board, I respectfully dissent.

. To be sure, this principle is often times stated in the context of variances or special-use permits. Such is the case because those forms of zoning relief are the primary platform by which a zoning board imposes conditions — considering that the applicant is requesting a deviation from the applicable zoning ordinance. A permitted use, on the other hand, concerns the literal interpretation of the zoning ordinance. Conditions are often ill-suited in the ambit of permitted uses as the particular use has already been deemed to be permitted, unfettered, and free from restrictions.