MARY MASTRATI *et al. vs.* ALLAN J. STRAUSS *et al.*

JUNE 24, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

418

CONDON, J.  This is an appeal to the zoning board of review of the city of Cranston from the granting by the building inspector of that city of a permit to John Jamogochian and his wife Mary to erect a one-car garage on assessors plat 8/2, lot No. 831, at 1261 Cranston street. Appellants, who are the owners of adjacent lot No. 834, objected to the granting of such permit and contended before the board that it was issued in violation of sec. 5A of the zoning ordinance. After the board denied their appeal, the appellants, hereinafter referred to as petitioners, brought the case here on certiorari for our determination in accordance with general laws 1938, chapter 342, §8.

The appeal was denied for lack of jurisdiction in that the board had previously granted to a predecessor in title of the Jamogochians a variance from the requirements of sec. 5A to erect a three-car garage. They concluded that such variance was applicable to a one-car garage and therefore the building inspector could not lawfully refuse a permit for such a building provided he required the applicants to observe the conditions under which the variance was granted. Petitioners now contend that the board erred and that the building inspector exceeded his authority in deciding that the applicants for the permit were entitled to the benefit of the variance granted to their predecessor in title.

Upon consideration of the record, we are of the opinion that the decision of the board is correct. Petitioners are apparently under a misapprehension as to the variance

which was originally granted by the board. Clearly it was not permission to build a three-car garage. The Jamogochians' predecessor in title needed no such permission. Lot No. 831 is in an apartment house district where private garages may be built as of right in accordance with the following provisions of sec. 5A of the zoning ordinance: "As accessory to a dwelling house in a residence district, a private garage shall not provide storage for more than three motor vehicles, except that storage for one motor vehicle for each 2000 square feet of the area of the lot shall be permitted. As accessory to an apartment house in an apartment house district, a private garage shall not provide storage for more than one motor vehicle for each family for which such apartment house is arranged or designed, and for not more than a total of 10 motor vehicles in any case. A private garage in a residence district shall not be erected nearer a street line·than 20 feet, except as an integral part of the main building or in a terrace or retaining wall * * *." And under sec. 28 it is provided that "Certain words in this ordinance are defined for the purpose hereof as follows: * * * (18) The term 'residence district' or 'residential district' includes dwelling house, apartment house and farming districts."

The question before the board on the petition of the Jamogochians' predecessor in title was whether petitioner should be granted a variance from the requirement of the ordinance that prohibited erection of a private garage "nearer a street line than 20 feet." Owing to the peculiar configuration of lot 831 the board found that it would be a hardship on the petitioner to insist upon such requirement and granted the variance therefrom provided "that the front of the garage is not to project nearer the street line than a line drawn from the southwest corner of the house on Lot #826 to the northern extremity of the Pendleton Street line of the building on Lot #1268." As long as the conditions *affecting the beneficial use of lot 831,* not the character of the neighborhood, remained as they were

when such permission was granted by the board it was available to any successor in title to the original petitioner even though he had not availed himself of it. Mere transfer of title to the lot did not adversely affect the new landowner's right to enjoy the board's grant of a variance from the requirements of the zoning ordinance. The variance inured to the benefit of the land; it did not and could not be made to attach solely to the person of the holder of the title. *Olevson* v. *Zoning Board of Review*, 71 R. I. 303.

When the Jamogochians applied for a permit to build a garage they specified that it was to be in accordance with "Permission granted by Zoning Board of Review and must comply to conditions as stipulated by them." The building inspector granted a permit which provided among other things that the garage was to be constructed in accordance with that application. The permit also specified that it was to be located not less than six feet from the line of Pendleton street. This distance, according to the respondents' brief, is an approximation in feet to the condition laid down in the board's decision granting the variance. We understand that the petitioners here make no objection to such approximation but contend, first, that the inspector could not thus grant the permit as it would be tantamount to his granting the applicants a variance which he had no authority to do and, second, that even if he was authorized to grant it the Jamogochians have disregarded such condition and have actually commenced construction of the garage on a line that at one end is too close to the line of Pendleton street by 14 inches and at the other end by 6 inches.

There is no merit in the petitioners' first contention. The building inspector did not grant a variance but merely issued a permit for a building in accordance with the condition contained in the board's own grant of a variance. The fact that the Jamogochians desired at that time to build only a one-car garage was of no concern to the inspector. He was bound by the permission which had been

granted by the board and so long as the applicants were seeking a permit to build expressly subject to the conditions imposed in such grant he was bound to issue it regardless of whether the garage was to accommodate one car or three cars, the maximum which could be built to service the three-family house on the lot. Therefore the board quite correctly concluded that the inspector had no ground on which he could lawfully refuse the permit.

Petitioners' second contention is not a subject for our determination in this proceeding. Since the Jamogochians have obtained a permit specifying the conditions under which they may build a one-car garage on their lot they may proceed to build, but of course they must comply with such conditions. The duty and power to enforce compliance is vested in the appropriate local officials of the city of Cranston. If such conditions are violated, an expeditious civil remedy to enforce compliance is provided by G. L. 1938, chap. 342, §4, in addition to the criminal penalty provided by §3. We express no opinion, however, as to whether the applicants have started construction in accordance with law or in violation of it.

But it is our judgment that under the permit issued by the inspector they have the right to erect a one-car garage provided they comply with the conditions, including a certain setback from the line of Pendleton street, as set forth by the board in their decision granting a variance from the ordinance.

The petition for certiorari is denied and dismissed, the decision of the respondent board is affirmed, and the papers certified to this court are ordered returned to the board with our decision endorsed thereon.

*Francis Castrovillari,* for petitioners.

*Richard F. Canning, City Solicitor,* for respondents.