[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the Court is an appeal by Albert Skorupa, et al ("Plaintiffs") who seek reversal of an August 23, 1989, decision by the Zoning Board of Review of the City of Cranston ("the Board") which granted Dennis and Dianne Salema ("the Salemas") a variance. Jurisdiction is pursuant to R.I.G.L. 1956 (1988 Reenactment) § 45-24-20.
STATEMENT OF FACTS
The pertinent facts of the instant appeal are as follow. On or about March 23, 1989, the Salemas purchased the subject property, designated as lots ninety-five (95) and ninety-six (96) of Cranston Tax Assessor's Plat 16/1, from Aura Investments ("Aura"). Said lots are located in an A-8 zoning district and pursuant to § 30-15 of the Cranston Zoning Ordinances a single-family dwelling is the only permitted use therein.
At the time of the purchase the subject property consisted of a single-family dwelling. On May 22, 1989, the Salemas filed an application with the Board seeking two forms of relief. In the first instance, the Salemas sought either a variance or special exception in order to construct an additional unit on the second floor of the existing dwelling. Secondly, the Salemas sought a variance from the frontage area requirements.[1]
The Board held a scheduled hearing on June 28, 1989, before which Dennis Salema appeared. Mr. Salema testified that the addition was necessary in order to provide an apartment for his son who had recently graduated from college. Additionally, Mr. Salema testified extensively as to the method whereby he would construct the addition. There was no further pertinent testimony offered with respect to the need for the variance.
The Board also heard testimony from counsel for plaintiffs. This testimony, however, was often confusing and irrelevant. Essentially, counsel attempted to create issues which had no bearing upon the Board's decision and for this reason will not be further considered by the Court.
After duly considering the evidence before it the Board, in a decision dated August 23, 1989, voted to grant the Salemas' request for relief. The Board held that granting the proposed relief would not be detrimental to the neighborhood. Further, that the Salemas were entitled to relief pursuant to subsections M, N, O, and P of § 30-49 of Cranston's Zoning Ordinances.[2]
Plaintiffs thereafter filed a timely appeal averring that the Board's decision was erroneous on several grounds.[3] However, the Court need only concern itself with whether the Salemas properly met the burden necessary for obtaining relief.
The Salemas, although original parties to the instant action, are not presently before the Court. In a deed recorded on January 30, 1991, the Salemas deeded the subject property to Kevin and Susan Lynch ("the Lynches"). Consequently, the Salemas have failed to appear to defend the Board's actions. Similarly, the Lynches have stated, at a subsequent board meeting on an unrelated matter, that they have no intention of utilizing the variance. The remaining defendants, Aura Investments and the Board, contend that the Board's decision is moot in that the Salemas have sold the property in question. Alternatively, defendants contend that the decision to grant relief was not characterized by an abuse of discretion.
Analysis
In reviewing a zoning board decision this Court is constrained by R.I.G.L. 1956 (1988 Reenactment) § 45-24-20(d), which provides in pertinent part as follows:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
The Court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the zoning board's decision was supported by substantial evidence in the whole record." Apostolou v. Genovesi, 120 R.I. 501, 505,388 A.2d 821, 825 (1978). Substantial evidence has been defined as "more than a scintilla but less than a preponderance." Id.
Additionally, the term encompasses "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.
Initially, the Court would point out that the instant appeal was not rendered moot by the Salemas' sale of the subject property. A variance which is properly granted inures to the land rather than the holder of title. Consequently, the Lynches, as successors in title to the subject lots, are entitled to the benefits of the variance. See, Mastrati v. Strauss,75 R.I. 417, 67 A.2d 29 (1949). For the reasons that follow the Court need not address whether § 30-51 of Cranston's Zoning Ordinances, which prohibits the use of any special exception or variance not acted upon within one (1) year of issue, otherwise bars the Lynches from utilizing the variance.
Plaintiffs contend that the Board abused its discretion in granting the variance requested. In support thereof plaintiffs assert that the Salemas failed to cross the threshhold necessary for the relief sought. The Court is in agreement, albeit for reasons which are wholly lacking in plaintiffs' arguments.
In granting the variance the Board held that the Salemas were entitled to relief pursuant to subsections M, N, O, and P of § 30-49. As was discussed, supra note 2, said subsections authorize the Board to grant either special exceptions or variances depending on the relief sought and the attendant circumstances of the application. It is unclear from either the Salemas' application for relief or the record whether the Salemas were seeking a special exception or a variance. However, the Court finds that irrespective of which type of relief was being sought the Salemas were not entitled to either.
In seeking a variance for a use not otherwise permitted by the terms of a zoning ordinance an applicant's initial burden is to prove that literal enforcement of the regulation will result in unnecessary hardship. Rozes v. Smith, 120 R.I. 515, 518,388 A.2d 816, 819 (1978). Further, that such hardship be tantamount to a denial of all beneficial use of the applicant's land so as to be confiscatory in nature. Westminster Corporation v. ZoningBoard of Review of the City of Providence, 103 R.I. 381,238 A.2d 353 (1968).
Pursuant to § 30-15 the only permitted use in an A-8 zoning district is a one-family dwelling. Consequently, in order to be entitled to relief the Salemas were required to prove that denial of the variance would meet the standard enunciated in Rozes,supra. A careful examination of the evidence presented before the Board as well as that contained in the whole record has failed to convince this Court that the Salemas met their burden.
After having examined the record the Court finds that it is devoid of any evidence that the Salemas would have been denied of all beneficial use of their land absent the variance. Indeed, at the time of the application for relief the Salemas had an existing one-family structure on the property. As such, it would seem inconceivable that they were not enjoying at least some beneficial use of the property. The sole reason offered by Mr. Salema for requesting the variance was to provide housing for his son. Notwithstanding the fact that a two-family structure would have been preferred by the Salemas, they failed to prove that they were entitled to relief. Having so failed, the Board should have denied the variance requested.
With respect to the granting of a special exception it would appear that the Board has, pursuant to subsections M, N, and O, liberal authority to grant same. Such authority is limited, however, by a provision contained within subsection M. Said provision requires that any special exception which is granted be in harmony with the general purpose and intent of the zoning chapter. A review of § 30-1, which details the purpose of the zoning regulations, reveals that the granting of the variance would be directly at odds with said purpose. This is so notwithstanding the fact that there are several other two-family dwellings in the area. The Court is further persuaded that the requested relief would be in derogation of the general purpose by the recommendation of the Cranston City Planning Commission. In a decision dated July 13, 1989, the Commission voted to deny the Salemas' request for relief.
Moreover, relief in the form of a special exception, like a deviation, requires that the use for which either relief is sought be one which is specifically permitted by the terms of the controlling zoning ordinance. See, Gara Realty, Inc. v. ZoningBoard of Review of the Town of South Kingstown, 523 A.2d 855, 858 (1987); 3 Anderson, American Law of Zoning (3d Ed.) § 21.01, et seq. (1986). In that § 30-15 specifically prohibits a two-family dwelling within an A-8 zoning district the Board was without authority to grant the relief. It is the duty of the Cranston legislature to determine which uses are permitted in each zoning district. Thereafter, the Board implements these decisions. In the instant case the Board acted more as a legislative body rather than one whose primary duty was to enforce. As a result, the Board acted in contravention of the authority granted it under Cranston's Zoning Ordinances.
Consequently, for the reasons herein above set out this Court finds that the Zoning Board of Review of the City of Cranston's decision to grant the requested relief was not supported by reliable, probative, and substantial evidence contained in the whole record. Further, that such relief was granted in excess of the authority granted to the Board by the Cranston Zoning Ordinances. Accordingly, the Board's August 23, 1989, decision which granted Dennis and Dianne Salema a variance is hereby reversed.
Counsel shall prepare an entry for judgment in accord with this decision.
[1] Pursuant to § 30-19 of the Cranston Zoning Ordinances a single-family dwelling located in an A-8 zoning district is required to have eighty (80) square feet of frontage. The subject property consists of approximately seventy-two (72) square feet.
[2] Subsections M, N, and O authorize the Board to grant an applicant a special exception to various zoning regulations. However, as will be discussed, infra, such authority is somewhat limited. Subsection P authorizes the Board to grant a variance where the applicant has met the necessary standard for relief.
[3] Counsel for plaintiffs has advanced numerous needless and irrelevant arguments with respect to the instant appeal. The sole issue before the Board, and therefore this Court, was whether or not the Board's decision concerning the Salemas' application for relief was supported by substantial evidence. The Board properly refused to consider any prior requests for relief by Aura. Similarly, the Court is without authority to herein consider whether or not Aura legally subdivided certain land containing the subject lots. Pursuant to § 45-24-20 the Court's review is limited to the respective zoning board's decision.