515 P.2d 640

**GULF OIL CORPORATION, Petitioner,**

v.

**ROTA-CONE FIELD OPERATING COMPANY, Respondent.**

No. 9641.

Supreme Court of New Mexico.

Nov. 9, 1973.

White & Caton, Farmington, for petitioner.

Tansey, Rosebrough, Roberts & Gerding, Farmington, for respondent.

## OPINION ON MOTION FOR REHEARING

PER CURIAM:

Upon consideration of the motion for rehearing, the opinion heretofore filed is withdrawn and the following substituted therefor.

OPINION

MARTINEZ, Justice.

Rule 29(2) [§ 21–2–1(29)(2)], N.M.S.A.1953 Comp. (Repl.Vol. 4, 1970) requires that application for writ of certiorari must be made within twenty days after final action by the Court of Appeals. The Court of Appeals entered its order denying a motion for rehearing on December 27, 1972. Petitioner, Gulf Oil Corporation, filed its petition for writ of certiorari on January 18, 1973 together with a motion to file out of time. Clearly, this was after the twenty-day limitation had passed and the application for certiorari was untimely filed.

The twenty-day filing requirement for a writ of certiorari is procedurally similar to the thirty-day filing requirement for appeals found in Rule 5(1), Supreme Court Rules [§ 21–2–1(5)(1)], N.M.S.A.1953 Comp. (Repl.Vol. 4, 1970). In Associates Discount Corporation v. De Villiers, 74 N. M. 528, 395 P.2d 453 (1964), this Court in construing Rule 5(1), supra, stated:

> "It requires no citation of authority to state our oft-repeated holding that the timely allowance of an appeal is jurisdictional in order to place a case on the docket of the supreme court for review . . ."

It is clear that the same requirement should be applied to the filing of petitions for writs of certiorari directed to the Court of Appeals. When such a writ is filed later than the twenty-day filing requirement, and absent some unusual circumstance justifying such late filing, the petition for writ of certiorari must be denied. In the instant case, no unusual circumstances were presented by the petitioner to justify such a late filing.

Therefore, the opinion of April 27, 1973 is withdrawn and the writ of certiorari heretofore issued is quashed as improvidently granted.

It is so ordered.

McMANUS, C. J., and OMAN, STEPHENSON and MONTOYA, JJ., concur.