13 F.3d 406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mario MURILLO, Petitioner,
v.
Robert TANSY, Respondent.
 No. 93-2075.
 United States Court of Appeals, Tenth Circuit.
 Dec. 2, 1993.
 
 Before McKAY, Chief Judge, SETH and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 This matter is before the court on appellant's application for a certificate of probable cause and request for leave to proceed in forma pauperis. We issue a certificate of probable cause, grant appellant's request to proceed in forma pauperis, and proceed to the merits of the appeal.
 
 
 3
 Mario Murillo appeals from the district court's determination that his petition for a writ of habeas corpus was procedurally defaulted for failure to file for a state writ of certiorari prior to the state deadline. We affirm.
 
 
 4
 The question of when and how state procedural defaults occur is a question of federal law, and is therefore reviewed de novo. See Osborn v. Schillinger, 861 F.2d 612, 618 (10th Cir.1988).
 
 
 5
 Mr. Murillo first argues that the state procedural rule is not strictly and regularly applied because the New Mexico Supreme Court has reserved the right to accept late filings in "unusual circumstances." Therefore, he argues, the state rule cannot operate as a procedural bar. Mr. Murillo supplied us with no evidence that the state time limit is routinely unenforced.[2] Nor did he supply us with a copy of his habeas petition so that we might determine whether it manifested any sort of "unusual circumstances" at all. We cannot say that the mere existence of an "unusual circumstances" exception to the state procedural rule, on its face, means that the state procedure is not consistently applied. Unlike the situation in Gutierrez v. Moriarty, 922 F.2d 1464 (10th Cir.), cert. denied, 112 S.Ct. 140 (1991), here the state courts' discretion is limited to "unusual circumstances," while in Gutierrez the courts' discretion was unbridled. See id. at 1470.
 
 
 6
 Mr. Murillo next argues that his petition for certiorari in the New Mexico Supreme Court was denied not on procedural grounds but rather because of overreaching by the New Mexico court clerk. This argument was not raised below, and is therefore not properly before us. See Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989).
 
 
 7
 Mr. Murillo claims that his attorney misled him by telling him that untimely pro se petitions were routinely accepted, and that this misleading constituted an external impediment to his compliance with the state procedural rule. Accordingly, he argues, he has shown cause for his failure to comply with the deadline. However, because any such statements by Mr. Murillo's attorney occurred after the deadline had already passed, they are irrelevant to Mr. Murillo's failure to comply. They therefore could not constitute cause for default.
 
 
 8
 Finally, Mr. Murillo argues that, while the district court correctly found that he had established cause for his default pursuant to the "cause and prejudice" test adopted in Coleman v. Thompson, 111 S.Ct. 2546 (1991), the district court wrongly found that he had not demonstrated "prejudice." We do not agree that the district court found that Mr. Murillo had demonstrated cause for his default. Rather, we believe that the court chose to dispose of the matter by way of the prejudice part of the test without addressing the cause aspect. We find that Mr. Murillo has not demonstrated cause for his default; we therefore need not address the district court's determination that Mr. Murillo had not demonstrated prejudice.
 
 
 9
 Under Coleman, attorney error cannot constitute cause for procedural default because there is no right to an attorney in state post-conviction proceedings. Id. at 2566. Mr. Murillo attempts to argue that his attorney's actions were an "external impediment" to his attempts to comply with the state procedure, since the attorney told Mr. Murillo that she would file the petition for certiorari but failed to do so. We fail to see the distinction between this type of action and the attorney error that cannot constitute cause under Coleman. The attorney's actions are not within the scope of the "external impediment" exception envisioned by the Court in Coleman. See id.; Murray v. Carrier, 477 U.S. 478, 488 (1986). There is no indication that the attorney's actions constituted anything more than an error, followed by an attempt to circumvent the effect of that error under Coleman by having Mr. Murillo file his petition pro se.
 
 
 10
 The district court's determination that Mr. Murillo's habeas petition was procedurally defaulted under Coleman is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Mr. Murillo cited two published opinions where the New Mexico Supreme Court indicated that, in "unusual circumstances," it might excuse late filing of a petition for certiorari. See Serna v. Board of County Comm'rs, 540 P.2d 212 (N.M.1975); Gulf Oil Co. v. Rota-Cone Field Operating Co., 515 P.2d 640 (N.M.1973). Mr.Murillo then refers to an unpublished opinion of the New Mexico Supreme Court in the case of Cramer v. Tansy, N.M. S.Ct. No. 20052 (1991), in which Mr. Murillo states that the New Mexico Supreme Court "also" made an exception. In both of the published cases, however, the New Mexico Supreme Court in fact refused to excuse a late filing. Moreover, even assuming that one unpublished decision could establish that the New Mexico Supreme Court routinely ignores its rules, the Cramer court never addressed the issue of the late filing, and there is no indication that the court was even aware of the issue. It therefore proves nothing