This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**IDA GARRISON,**

Petitioner-Appellant,

v.                                                                          **NO. 32,858**

**NEW MEXICO DEPARTMENT OF WORKFORCE SOLUTIONS and WAL-MART ASSOCIATES, INC.,**

Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

Ida Garrison
Tijeras, NM

Pro Se Appellant

Rudolph Preston Arnold
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Ida Garrison (Petitioner) pro se seeks appellate review of the district court's ruling that affirms the decision by the Secretary of the Department of Workforce Solutions that Petitioner did not demonstrate good cause for her failure to appear at the appeals hearing on her overpayment of benefits. [RP 139, 157, 164, 176] Our notice proposed to dismiss, and Petitioner filed a memorandum in opposition. We are not persuaded by Petitioner's arguments, and therefore dismiss.

{2}     As set forth in our notice, Petitioner did not file a petition for writ of certiorari within thirty days of entry of the final order. Instead, she filed a notice of appeal in district court and then a docketing statement in this Court. In *Wakeland v. N.M. Dep't of Workforce Solutions*, 2012-NMCA-021, ¶ 13, 274 P.3d 766, we held that a notice of appeal alone is not an adequate substitution for a petition for writ of certiorari. We did, however, hold that a non-conforming document, such as a docketing statement, will be considered a petition for writ of certiorari where the document provides sufficient information to allow assessment of the merits of the petition and was filed within the time limits for filing a petition for writ of certiorari. *Id*. ¶¶ 7, 16, 18, *cert. denied*, 2012-NMCERT-001, 291 P.3d 598. In this case, the docketing statement was not filed within the thirty days required for a petition for certiorari. *See* Rule 12-505(C) NMRA (stating that a petition for writ of certiorari shall be filed within thirty days after entry of the final action by the district court); *see also Gulf Oil Corp. v.*

*Rota-Cone Field Operating Co.*, 1973-NMSC-107, ¶ 2, 85 N.M. 636, 515 P.2d 640 (per curiam) (holding that, as with the time requirement for a notice of appeal, the timely filing of a petition for writ of certiorari is a mandatory precondition to the exercise of an appellate court's jurisdiction that will not be excused absent unusual circumstances). Although we may excuse the late filing if it was due to unusual circumstances, *see Wakeland,* 2012-NMCA-012, ¶ 23, there are no unusual circumstances in the present case. While Petitioner nonetheless urges this Court to consider the merits of her petition because she believes she has the legal right to receive the disputed benefits [MIO 2], her failure to follow the proper procedures precludes us from doing so. We accordingly dismiss this appeal.

{3}    **IT IS SO ORDERED.**


_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____

3

**J. MILES HANISEE, Judge**