This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JOHN BASSETT,**

      Petitioner-Appellant,

v.                                         **No. 34,756**

**NEW MEXICO RACING**
**COMMISSION,**

      Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

J. Preston Paschall
Las Cruces, NM

for Appellant

Hector H. Balderas, Attorney General
Richard B. Word, Assistant Attorney General
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

{1}     Appellant John H. Bassett (Petitioner) appeals form a district court order affirming an administrative decision of the New Mexico Racing Commission. Our calendar notice proposed to dismiss. Petitioner has responded with a memorandum in opposition. We dismiss the appeal.

{2}     In his memorandum in opposition, Defendant concedes that Rule 12-505 NMRA governs this Court's review of the district court's decision. *See* Rule 1-075(V) ("An aggrieved party may seek further review of an order or judgment of the district court in accordance with Rule 12-505 NMRA of the Rules of Appellate Procedure."). Rather than a direct appeal, Rule 12-505(B), (C) requires a party to seek discretionary review in this Court by filing a petition for writ of certiorari in this Court within thirty days after entry of the final action by the district court.

{3}     In this case, Petitioner did not file a petition for writ of certiorari within thirty days of entry of the final order. Instead, he filed a notice of appeal in district court [RP 487], and then a docketing statement in this Court. In *Wakeland v. New Mexico Department of Workforce Solutions*, 2012-NMCA-021, ¶ 13, 274 P.3d 766, we held that a notice of appeal alone is not an adequate substitution for a petition for writ of certiorari. We did, however, hold that a non-conforming document, such as a docketing statement, will be considered as a petition for writ of certiorari where the

document provides sufficient information to allow assessment of the merits of the petition and was filed in this Court within the time limits for filing a petition for writ of certiorari. *Id.* ¶¶ 7, 16, 18. In this case, the docketing statement was not filed within the thirty days required for a petition for certiorari. *See* Rule 12-505(C) (stating that a petition for writ of certiorari shall be filed within thirty days after entry of the final action by the district court); *see also See Gulf Oil Corp. v. Rota-Cone Field Operating Co.*, 1973-NMSC-107, ¶ 2, 85 N.M. 636, 515 P.2d 640 (per curiam) (holding that, as with the time requirement for a notice of appeal, the timely filing of a petition for writ of certiorari is a mandatory precondition to the exercise of an appellate court's jurisdiction that will not be excused absent unusual circumstances). Accordingly, our calendar notice proposed to dismiss the appeal.

{4}     In his memorandum in opposition, Petitioner argues that we should overlook the deficiencies in this case because counsel's failure to file a timely petition was due to excusable neglect. Petitioner refers us to *Kinder Morgan CO2 Co., L.P. v. State Taxation & Revenue Dep't*, 2009-NMCA-019, 145 N.M. 579, 203 P.3d 110, for the proposition that the excusable neglect of a party's counsel may be considered. However, that case involved Rule 1-060(B)(1) NMRA, which expressly provides for excusable neglect to be a basis for setting aside a judgment, and does not apply to

appeals. *Kindermorgan*, 2009-NMCA-019, ¶ 13. We may excuse the late filing if it was due to unusual circumstances. *Mascarenas v. City of Albuquerque*, 2012-NMCA-031, ¶ 23, 274 P.3d 781. Unusual circumstances that justify the untimely filing of a petition for writ of certiorari exist when "(1) there is error on the part of the court, or (2) when the filing is not very late, and there are other unusual circumstances that were not caused by the court system but that were not within the control of the party seeking appellate review." *Id.* The first ground does not apply here, and Petitioner's excusable neglect argument by its very nature does not satisfy the second prong. Finally, to the extent that Petitioner is referring us to recently filed case law in this Court which is relevant to the underlying merits [MIO 6], we do not deem it necessary to address this in light of our dismissal of the notice of appeal, and its implicit denial of any attempt to file a Rule 12-505 petition.

**{5}**     Based on the foregoing discussion, we dismiss.

**{6}**     **IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

4

_____

**M. MONICA ZAMORA, Judge**